IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LESLIE M. TURNER,** *individually and on behalf of all others similarly situated*, | : |
| | : |
| *Plaintiffs,* | : CASE NO._____ |
| | : |
| v. | : JUDGE: _____ |
| | : |
| **WAYSIDE FARM, INC.** *dba* **WAYSIDE FARM NURSING AND REHABILIATION,** | : JURY DEMANDED |
| | : |
| and | : |
| | : |
| **WAYSIDE FARM, INC.** *dba* **NORTHAMPTON MEADOWS,** | : |
| | : |
| and | : |
| | : |
| **MATTHEW POOL,** | : |
| | : |
| *Defendants.* | : |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by Leslie M. Turner (hereinafter "Named Plaintiff" or "Ms. Turner") against Wayside Farm, Inc. *dba* Wayside Farm Nursing and Rehabilitation, Wayside Farm, Inc. *dba* Northampton Meadows, and owner Matthew Pool (hereinafter "Defendants" or "Wayside").

2. Named Plaintiff brings her federal claims against Defendants in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named

1

Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3. Named Plaintiff brings her Ohio claims against Defendants in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60. Named Plaintiff brings her Ohio Acts and O.R.C. § 2307.60 on behalf of herself and all similarly situated employee who joins this lawsuit from Ohio on an individual basis.

4. Named Plaintiff and those similarly situated are current and former employees of Defendants who did not receive one and a half times their regular rate for all hours worked over forty (40) in a workweek. (hereafter, "Putative Plaintiffs").

5. Under the FLSA and the Ohio Wage Acts, Defendants were required to pay for all hours Putative Plaintiffs worked and pay them 150% of their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs who performed work, i.e., patient care during their meal breaks, Defendants violated the FLSA and the Ohio Acts.

II. **JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

9. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

### III. THE PARTIES

10. Leslie M. Turner ("Named Plaintiff" or "Ms. Turner") is an adult resident of Akron, Ohio residing at 567 Reed Avenue Akron, Ohio 44301. Ms. Turner has been employed by Defendants as State Tested Nursing Assistant ("STNA") for the last fifteen (15) years (beginning in approximately 2010) and remains employed with Defendants as of the filing of this Complaint. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

11. The Putative Plaintiffs are all non-exempt employees employed by Defendants within three (3) years preceding the commencement of this action who were not paid overtime at a rate of 150% their respective regular rates for all hours worked over forty (40) in a workweek.

12. Defendant Wayside Farm, Inc. *dba* Wayside Farm Nursing and Rehabilitation ("Wayside Nursing") and is a corporation for profit. Process may be served upon its Registered Agent, Wayside Farm, Inc. at 4557 Quick Rd. Peninsula, OH 44264.

13. Defendant Wayside Farm, Inc. *dba* Northampton Meadows ("Northampton Meadows") and is a corporation for profit. Process may be served upon its Registered Agent, Wayside Farm, Inc. at 4557 Quick Rd. Peninsula, OH 44264.

14. Defendant Matthew Pool ("Mr. Pool") is Wayside Farm, Inc.'s President and Administrator, who is responsible for overseeing the operations of the business and has been since 2017.[1] Process may be served at 4557 Quick Rd. Peninsula, OH 44264.

---

[1] *See* Defendants' website https://waysidefarmnh.com/about-us/ accessed on 12/17/2024.

15. Wayside Nursing, Northampton Meadows, and Mr. Pool will collectively be referred to as "Defendants."

16. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

17. Defendants centrally control employment policies and practices for all of their employees.

18. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

19. Defendants' enterprise acts through each of the Defendants.

20. Furthermore, each of Defendants act directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiff and the Putative Plaintiffs.

21. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a).

22. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and Putative Plaintiffs within the meaning of the FLSA and Ohio Wage Laws.

IV. **FACUTAL ALLEGATIONS**

23. During all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

24. During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Acts.

25. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

4

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendant's employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

27. During all times material to this Complaint, Defendants jointly hired Named Plaintiff and the Putative Plaintiffs.

28. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.301 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

29. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs typically worked five (5) days a week, totaling approximately forty (40) to forty-five (45) hours a week.

30. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

31. During all times material to this Complaint, Defendants would record Named Plaintiff and the Putative Plaintiffs' hours worked by use of a fingerprinting system, wherein

Named Plaintiff and the Putative Plaintiffs would have to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

32. Per Defendant's website, Defendant Wayside Nursing is a 95-bed nursing home and Defendant Northampton Meadows is a 10-bed group home that specializes in caring for people with behavioral and mental health illnesses.[2]

33. During all times material to this Complaint Named Plaintiff's and the Putative Plaintiffs' duties include patient care related tasks, such as dressing, grooming, feeding, bathing clients, housekeeping, and other various day-to-day care activities that clients could not complete on their own.

34. During all times material to this Complaint, more than twenty (20) percent of Named Plaintiff and the Putative Plaintiffs' job duties required care-related services.

35. During all times material to this Complaint, Defendants maintained a policy and practice wherein thirty (30) minutes of time is deducted from Named Plaintiff's and Putative Plaintiffs' shifts to account for an unpaid meal break.

36. During all times material to this Complaint, Defendants automatically deducted this half hour of time to from shift regardless of whether or not a meal break was actually taken, or was a bona fide meal break pursuant to the FLSA and the Ohio Wage Laws.

37. During all times material to this Complaint, both the Defendant's work demands and Named Plaintiff's and the Putative Plaintiffs' primary job duties often required them to work during or through their respective meal breaks to assist with patient care.

---

[2] *See* https://waysidefarmnh.com/ accessed on 11/7/2024.

38. During all times material to this Complaint, when Named Plaintiff and the Putative Plaintiffs were scheduled to work at Northampton Meadows, only one STNA was ever assigned to care for all the patients at a time.

39. During all times material to this Complaint, while working at Northampton Meadows, Named Plaintiff and Putative Plaintiffs were required to provide patient care during their meal breaks, as there would be nobody else available to attend to patients otherwise.

40. During all times material to this Complaint, when Named Plaintiff and Putative Plaintiffs were scheduled to work at Wayside Nursing, they were required to remain on-call to respond to patients attempting to flee or those exhibiting violent or combative behavior—situations the Defendants classify as a "code violet."

41. As a result, during all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs often worked through their auto-deducted thirty (30) minute meal break at both Northampton Meadow and Wayside Nursing without pay.

42. During all times material to this Complaint and upon information and belief, Defendants were aware that Named Plaintiff and the Putative Plaintiffs often worked during or through their unpaid thirty (30) minute meal break and permitted this to occur.

43. During all times material to this Complaint, when these thirty (30) minute deductions are added back into Named Plaintiff's and the Putative Plaintiffs' hours worked, they go uncompensated for overtime hours worked in violation of the FSLA and Ohio Wage Acts.

44. Further, at all times material to this Complaint, and upon information and belief, Defendants pay Named Plaintiff and the Putative Plaintiffs bi-weekly non-discretionary bonuses if they had perfect attendance for the two-week pay period or if they picked up any extra shifts.

45. These are non-discretionary bonuses that: 1) are set on a predetermined formula; 2) are paid as an inducement to work more efficiently, safely, and perform better; 3) compel

7

better attendance; and 4) are made part of their compensation package such that Named Plaintiff and Putative Plaintiffs rely on bonuses as part of their compensation.

46. At all times material to this Complaint, and upon information and belief, when Named Plaintiff and the Putative Plaintiffs worked night shift hours, they received a $2.00 shift differential in addition to their respective hourly rates.

47. Defendants, based on their companywide policy, willfully failed to pay Named Plaintiff's, and, upon information and belief, Putative Plaintiffs, at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek in violation of the FLSA and the Ohio Wage Act by excluding non-discretionary bonuses and shift differentials when calculating Named Plaintiff's and Putative Plaintiffs' regular rate.

48. During all times material to this Complaint, Defendants' pay practice of not paying Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their *correct* regular rate, was willful and not in good faith.

49. During all times material to this Complaint, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate.

### V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

50. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

51. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former hourly employees who have been employed by Wayside Farm, Inc. at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who were subject to Defendant's auto-deducted meal break policy and received a bonus and/or shift differential during their employment with Wayside Farm, Inc. ("Employees Entitled to Notice")**

52. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice she seeks to have the Court serve notice based upon further investigation and discovery.

53. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

54. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

55. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

56. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

57. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

58. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

59. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

60. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

61. Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendant's willful refusal minimum wages for all hours worked, including failing to pay 150% of Named Plaintiff's and the Employees Entitled to Notice's regular rate for all hours worked beyond forty (40) in a workweek.

62. As a result of Defendants' FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

63. Any alleged defenses Defendants may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

64. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

65. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were joint employers of Named Plaintiff and Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

66. During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

67. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants jointly employed Named Plaintiff and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

68. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were joint employers subject to the FLSA.

69. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

70. At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

71. Defendants violated federal law because they knew or should have known that the Named Plaintiff and the Putative Plaintiffs auto-deducted meal break was interrupted, and they did not receive a bona fide lunch break.

72. Defendants violated federal law because they knew or should have known that non-discretionary bonuses and shift differentials should be included in the regular rate calculation for overtime compensation purposes.

73. Defendants, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

74. Named Plaintiff and the Employees Entitled to Notice should have been paid minimum wages for all hours worked and 150% of their regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

75. Defendants willfully violated and continues to willfully violate the FLSA, by having engaged and continued to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

76. Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

## COUNT II
## VIOLATION OF THE OHIO WAGE ACT

77. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

78. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

79. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

80. At all times material to this Complaint, Defendants were joint employers covered by the Ohio Wage Act and have been thus required to comply with its mandates.

81. At all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

82. At all times material to this Complaint, Defendants regularly employed Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio to work more than forty (40) hours in a workweek.

83. At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

84. Defendants violated the Ohio Wage Act because they knew or should have known that the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from

Ohio meal break was interrupted, requiring them to work during or through their unpaid thirty (30) minute meal break.

85. Defendants violated the Ohio Wage act because they knew or should have known that non-discretionary bonuses and shift differentials should be included in the regular rate calculation for overtime compensation purposes.

86. Indeed, at all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

87. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

88. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

89. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio have suffered and continue to suffer damages.

## COUNT III
## OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES

90. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

91. At all times relevant to this Complaint, Defendants were Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio' joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

92. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

93. At all times material to this Complaint, Defendants have refused to pay Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

94. Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

95. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
## VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

96. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

97. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

98. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

99. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

100. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of herself and the Putative Plaintiffs, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendants seek to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C. Designating Named Plaintiff as representative for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

D. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendants' expense;

E. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FLSA Employees Entitled to Notice;

F. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

G. Awarding Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. Awarding pre-judgment and post-judgment interest;

J. Any other relief to which the Named Plaintiff and Employees Entitled to Notice may be entitled.

Dated: January 13, 2025                                          Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com
acaplan@barkanmeizlish.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all of their claims.

*/s/ Robert E. DeRose*
Robert E. DeRose